NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANK L. HENDERSON,**
*Claimant-Appellant,*

**v.**

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7028

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-4169, Judge William A. Moorman.

---

Decided: May 16, 2013

---

ROBERT P. WALSH, Law Office of Robert P. Walsh, of Battle Creek, Michigan, argued for claimant-appellant.

ERIC P. BRUSKIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Direc-

tor, TODD M. HUGHES, Deputy Director, and STACEY K. GRIGSBY, Trial Attorney. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and MARTIE S. ADELMAN, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was BRIAN D. GRIFFIN, General Attorney.

———————————

Before NEWMAN, LOURIE, and WALLACH, *Circuit Judges.*

WALLACH *Circuit Judge.*

Frank L. Henderson appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of, *inter alia*, service connection for orthopedic, neurologic, and vascular disorders of the right hand, secondary to a service-connected burn injury to the right hand. *Henderson v. Shinseki*, No. 09-4169, 2011 U.S. App. Vet. Claims LEXIS 2048, at *4 (Vet. App. Sept. 29, 2011) ("Veterans Court 2011 Decision"). Because the issues raised on appeal by Mr. Henderson require the application of law to fact, we dismiss for lack of jurisdiction.

BACKGROUND

Mr. Henderson served on active duty to the United States Army from January 1948 to January 1952. On March 10, 1951, during service in Korea, he suffered first-, second-, and third-degree burns to the dorsum of his right hand in a fire. He was hospitalized for treatment of the burns until April 10, 1951, at which time his hand was "completely healed over." *Henderson v. Principi*, No. 02-907, 2004 U.S. App. Vet. Claims LEXIS 60, at *3 (Vet. App. Feb. 2, 2004) ("Veterans Court 2004 Decision"). However, Mr. Henderson was considered "unfit for return to full duty." *Id.* He was honorably discharged at the end of his enlistment period in January 1952. His "discharge examination indicated that he had sustained a 'third[-

]degree' burn to the right hand and had 'depigmentation and diffuse dorsum of the right hand', but had 'no definite difficulty' with that hand." *Id.* (modification in original).

Following his discharge, Mr. Henderson filed for, *inter alia*, disability compensation with the Department of Veterans Affairs ("VA") for residuals of the third-degree burns to his right hand. A VA medical examination conducted in March 1960 reported no limitation of motion or loss of strength. In April 1960, the VA Regional Office ("RO") granted service connection for the burns but determined that the residual disability did not warrant a compensable evaluation. Mr. Henderson filed multiple claims for increased disability ratings, each of which was denied by the Board in 1961, 1970, and 1974.

In February 2002, Mr. Henderson raised a claim for clear and unmistakable error ("CUE") in the previous Board decisions. The Board determined that the 1961, 1970, and 1974 decisions did not contain CUE by characterizing Mr. Henderson's injury as second-degree rather than third-degree burns. The Veterans Court affirmed. Mr. Henderson appealed that decision to this court; it was dismissed for lack of jurisdiction. *Henderson v. Principi*, 117 F. App'x 766 (Fed. Cir. 2005).

In an October 2009 decision the Board considered Mr. Henderson's appeals of numerous other rating decisions, and ultimately denied, *inter alia*, his claims for service connection for orthopedic, neurologic, and vascular disorders of the right hand as secondary to a service-connected burn injury of the right hand. The Veterans Court affirmed the Board's decision.

The Veterans Court rejected Mr. Henderson's argument that the Board failed to consider reports from two doctors, Drs. Gomez and Rhind, and to properly weigh the private examinations in light of the reports of a third doctor, Dr. Young. The Veterans Court held that the Board adequately explained its reasons for finding Drs.

Gomez, Rhind, and Young's opinions less probative than other evidence. The Veterans Court also concluded that Mr. Henderson "fail[ed] to provide any convincing support" for his argument that a 2007 VA medical examination was "incomplete, negligent, and speculative." Veterans Court 2011 Decision at *10 (internal quotation marks and citations omitted). The Veterans Court noted that the examiner reviewed the claims folder and discussed Mr. Henderson's medical history and recent medical tests. The Veterans Court found no clear error in the Board's finding that the preponderance of the evidence was against the claim and thus concluded Mr. Henderson's benefit-of-the-doubt argument lacked merit. Finally, in response to Mr. Henderson's argument contesting the adequacy of the Board's statement of reasons or bases, the Veterans Court held that the Board's decision was supported by an adequate statement. Mr. Henderson filed a timely appeal to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). The Veterans Court's legal determinations are reviewed *de novo. Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

None of Mr. Henderson's contentions present an argument of legal error by the Veterans Court over which this court would have jurisdiction. To the extent that Mr.

Henderson's appeal challenges the Veterans Court's holding that the Board decision was supported by an adequate statement of reasons or bases, he contests the Veterans Court's application of law to the facts of this case over which this court lacks jurisdiction. 38 U.S.C. § 7292(d)(2). Mr. Henderson also challenges the Board's analysis of the evidence, and in particular, its determinations about the credibility of Dr. Gomez's report and the adequacy of the 2007 VA examination. Similarly, Mr. Henderson asserts error regarding the degree of his burn injury.[1] Specifically, Mr. Henderson argues that the VA examiners and adjudicators improperly altered the nature of his claim (from one for compensation for residuals of third-degree burns to one for residuals of second-degree burns), and delayed adjudication of the claim for fifty years, thereby denying him due process. However, inaccurately characterizing a question as constitutional does not convert a challenge to a factual determination into a "separate constitutional contention" over which this court would have jurisdiction. *Helfer v. West,* 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Mr. Henderson's remaining arguments are without merit. Because this court lacks jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case," 38 U.S.C. § 7292(d)(2), Mr. Henderson's appeal is dismissed for lack of jurisdiction.

**DISMISSED**

---

[1] The Veterans Court observed that the Board carefully considered the merits of Mr. Henderson's claim with respect to disorders secondary to the service-connected burn injury of the right hand, generally, rather than to a third- or second-degree burn in particular, and found no error in the Board's characterization of the claim.